IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JERRY CLIFTON COURTNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 12-0318-WS-C |
| | ) |
| BLP MOBILE PAINT | ) |
| MANUFACTURING CO., INC., | ) |
| | ) |
| Defendant. | ) |

ORDER

This matter is before the Court on the plaintiff's motion to remand. (Doc. 31). The parties have filed briefs in support of their respective positions, (Docs. 31, 33, 34), and the motion is ripe for resolution.

BACKGROUND

The plaintiff filed suit in state court, and the defendant removed on the basis of diversity of citizenship. (Doc. 1). The Court ordered supplemental briefing concerning its subject matter jurisdiction, (Doc. 7), which the parties provided. (Doc. 8, 9). Based on these filings, the Court concluded that the parties were of diverse citizenship and that the amount in controversy exceeded $75,000, as measured at the time of removal. (Doc. 11).

Removal was accomplished on May 16, 2012, and the Court's most recent order was entered on June 26, 2012. On September 13, 2012, the plaintiff filed the instant motion to remand. The grounds of the motion are that removal was improper because the defendant is a citizen of Alabama and that Section 1441(b)(2) provides an action may not be removed on the basis of diversity "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

[1]

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).  Unless removal by a resident defendant deprives the Court of subject matter jurisdiction, the motion to remand is untimely under this provision.  The defendant argues that Section 1441(b)(2) does not affect subject matter jurisdiction and that the motion to remand must therefore be denied pursuant to Section 1447(c).  The plaintiff counters that satisfaction of Section 1441(b)(2) is necessary to the Court's subject matter jurisdiction.

## DISCUSSION

"We hold that the forum defendant rule embodied in § 1441(b) is a procedural requirement, and thus a violation of this rule constitutes a waivable non-jurisdictional defect subject to the 30-day time limit imposed by § 1447(c)." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 942 (9th Cir. 2006); *accord Samaan v. St. Joseph Hospital*, 670 F.3d 21, 28 (1st Cir. 2012) ("We hold that removal in contravention of the prohibition against removal by an in-forum defendant creates a procedural defect that is subject to waiver under 28 U.S.C. § 1447(c)."); *Hurley v. Motor Coach Industries, Inc.*, 222 F.3d 377, 380 (7th Cir. 2000) ("[W]e join the longstanding line of authority that holds that the forum defendant rule is nonjurisdictional."); *Handelsman v. Bedford Village Associates Limited Partnership*, 213 F.3d 48, 50 n.2 (2nd Cir. 2000) (Sotomayor, J.) (where removal violated Section 1441(b)(2), the plaintiff "waived his right to object to this procedural defect … by failing to raise the objection within 30 days of removal"); *Denman ex rel. Denman v. Snapper Division*, 131 F.3d 546, 548 (5th Cir. 1998) ("Under the law of this circuit, however, the presence of an in-state defendant is a procedural defect that is waived unless raised within thirty days of removal.") (citing *In re: Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991)); *Korea Exchange Bank v. Trackwise Sales Corp.*, 66 F.3d 46, 50-51 (3rd Cir. 1995) ("Because removal by a forum defendant in noncompliance with section 1441(b) does not deprive a federal court of subject matter jurisdiction, it is

clear under section 1447(c) that this irregularity must be the subject of a motion to remand within 30 days after filing the notice of removal."); *cf. Plastic Moldings Corp. v. Park Sherman Co.*, 606 F.2d 117, 119 n.1 (6th Cir. 1979) (although "[t]he case was not properly removable because the removing defendant … is a resident of the state in which the action was brought, [the plaintiff's] acquiescence in the removal waived any objection it might have had in this regard.").

  In addition to these numerous appellate decisions, district courts lying in circuits that have not resolved the issue have routinely adopted the same position. *See, e.g., Sae Young Kim v. National Certification Commission*, ___ F. Supp. 2d ___, 2012 WL 3727158 at *3 (D.D.C. 2012); *Schubert v. Genzyme Corp.*, 2012 WL 3292940 at *2 (D. Utah 2012); *Rehbein v. Biomet Orthopedics, LLC*, 2012 WL 2340000 at *2 & n.11 (D. Md. 2012); *Councell v. Homer Laughlin China Co.*, 823 F. Supp. 2d 370, 378-79 (N.D. W. Va. 2011); *Rierson v. Oklahoma Farm Bureau Mutual Insurance Co.*, 2011 WL 2559425 at *1 n.1 (N.D. Okla. 2011); *Durbin v. Yellow Transportation*, 624 F. Supp. 2d 1303, 1304 (D. Kan. 2009); *Ada Liss Group v. Sara Lee Branded Apparel*, 2007 WL 634083 at *4 (M.D.N.C. 2007); *Davis v. Bayer Corp.*, 2006 WL 6842122 at *2 (N.D. Fla. 2006); *State Farm Mutual Automobile Insurance Co. v. Smith*, 342 F. Supp. 2d 541, 542 n.1 (W.D. Va. 2004); *Murphy v. Aventis Pasteur, Inc.*, 270 F. Supp. 2d 1368, 1374-75 (N.D. Ga. 2003); *Ravens Metal Products, Inc. v. Wilson*, 816 F. Supp. 427, 428-29 (S.D.W. Va. 1993). This Court as well has adopted the prevailing view. *Cagle v. Norman*, 2007 WL 4105973 at *2 n.4 (S.D. Ala. 2007).

  The Eleventh Circuit has at least thrice opined that removal in violation of Section 1441(b)(2) does not deprive the federal court of subject matter jurisdiction. *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1257-58 (11th Cir. 1999); *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1372 n.2 (11th Cir. 1998); *Borg-Warner Leasing v. Doyle Electric Co.*, 733 F.2d 833, 835 n.2 (11th Cir. 1984). The plaintiff identifies these pronouncements as dicta, but he does not explain why the Court should expect the Eleventh Circuit to rule contrary to them if and when it must resolve the issue by holding. This is especially significant

with respect to *Snapper*, which provides an elaborate rationale that other appellate courts have embraced.  See *Holmstrom v. Peterson*, 492 F.3d 833, 837 (7th Cir. 2007); *Lively*, 456 F.3d at 939; *see also Murphy*, 270 F. Supp. 2d at 1374-75 (noting *Snapper*'s "thorough analysis" and adopting the majority rule).

To counter this armada of unfavorable authority, the plaintiff seeks refuge the only place he can – the decision in *Hurt v. Dow Chemical Co.*, 963 F.2d 1142 (8th Cir. 1992). Alone among the appellate courts, the Eighth Circuit has concluded that, when a case with a resident defendant is removed, "there is an absence of subject matter jurisdiction." *Id*. at 1146 n.1.  The *Hurt* Court stated that, "to invoke federal-court jurisdiction," a removing defendant "must come within the court's removal jurisdiction" and not merely its "original jurisdiction."  *Id*. at 1144.  Thus, "[i]n order for [removing defendants] to invoke the jurisdiction of the federal court, they must meet the statutory requirements for removal jurisdiction," including Section 1441(b)(2).  *Id*. at 1145.  "If one of the statutory requirements is not met, the district court has no jurisdiction."  *Id*.

Although its reasoning for doing so is not clear, it is plain that *Hurt* equated "removal jurisdiction" with "subject matter jurisdiction" and that its ruling hinges on that identity of concepts.  The Eleventh Circuit, however, has rejected such equivalency.  In *Cogdell v. Wyeth*, 366 F.3d 1245 (11th Cir. 2004), the Court confirmed that "the bases of subject matter jurisdiction in the United States district courts are defined in 28 U.S.C. §§ 1330-1369."  *Id*. at 1248.  Notably, the Court did not identify Section 1441 as a basis of subject matter jurisdiction.  The Court acknowledged that removal jurisdiction "can be considered a 'species' of subject matter jurisdiction," but "a lack of removal jurisdiction [will] coincide with a lack of subject-matter jurisdiction" "[o]nly" when "the case is not one over which the court has original jurisdiction."  *Id*.  The Court, of course, has original jurisdiction over suits, such as this one, between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. §

1332.  The Court therefore has subject matter jurisdiction, regardless of whether it also has removal jurisdiction.[1]

The cited appellate cases amply detail the reasons Section 1441(b)(2) is non-jurisdictional and *Hurt*'s contrary conclusion erroneous, and they not need be repeated herein.  For those reasons, and the additional reasons provided above, the Court concurs with the overwhelming majority view.  The plaintiff's motion to remand, being untimely, is thus **denied**.

DONE and ORDERED this 19th day of November, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] *See also Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1543-45 (5th Cir. 1991) (in its use of the term, "subject matter jurisdiction," Section 1447(c) references "original subject matter jurisdiction, rather than removal jurisdiction"; removal of a case lying within the federal courts' original jurisdiction, but removal of which is precluded by federal law, impacts only removal jurisdiction, not subject matter jurisdiction, such that objections raised more than 30 days after removal are waived).